UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDRE GRANT,

CASE NO.:

Plaintiff,

vs.

VOLUSIA COUNTY SCHOOL BOARD,

Defendant.

_________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, **ANDRE GRANT** states and alleges as follows:

**JURISDICTION**

1. This action arises under the provisions of the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e. et. seq., and the Florida Civil Rights Act of 1992, Chapter 760 of the Florida Statutes. A pendent state claims is added as there is a common nucleus of fact.

2. At all times alleged hereto Plaintiff, ANDRE GRANT was a resident of the State of Florida.

3. Plaintiff, ANDRE GRANT, is an African-American an individual who is status is protected pursuant to the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e-et seq. and the Florida Civil Rights Act of 1992, chapter 760 of the Florida Statutes.

4. Defendant, VOLUSIA COUNTY SCHOOL BOARD is a government entity established by and through the Constitution of the State of Florida.

5. Defendant's principal place of business is located at 200 North Clara Ave., City of Deland, County of Volusia, State of Florida.

6. At all times mentioned hereto, Defendant was an employer as defined pursuant to the

Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 (e) et seq. and the Florida Civil Rights Act of 1992, chapter 760 of the Florida statutes.

7. Prior to filing this action, on or about July, 2017, the Plaintiff filed charges of race discrimination with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. §2000(e). The charge was dual filed with the State of Florida, Florida Commission on Human Relations.

8. A Notice of Right to Sue was issued by the Federal Equal Employment Opportunity Commission on or about April 4, 2019. Plaintiff has filed his action within 90 days of receipt of the right to Sue and exhausted all administrative remedies prior to filing this action. More than 180 days subsequent to the complaint being dual filed with the Florida Commission on Human Relations wherein there was no finding. See attached Exhibit "A".

**COUNT I - RACE DISCRIMINATION**

9. Plaintiff, **ANDRE GRANT** was previously employed by the Defendant, VOLUSIA COUNTY SCHOOL BOARD on various occasions, with the last time frame being on or about March 31, 2017.

10. At the time that the Plaintiff was last employed by the Defendant, Plaintiff held the position of a math teacher of students with exceptionalities.

11. On or about July 12, 2017, Defendant offered Plaintiff the position of a French teacher at Defendant's school, known as "Spruce Creek High School".

12. Due to Plaintiff's educational background, wherein Plaintiff has a doctorate in educational leadership, a masters in educational leadership, a bachelors in physical education, along with certification in French, Plaintiff was well qualified for the position as a French teacher and met the Defendants background and education requirements for that position.

13. Pursuant to the Defendant's policies, the Plaintiff accepted the Defendant's offer of employment for that position.

14. Subsequent to the Defendant offering that position to the Plaintiff, and Plaintiff accepting that position, on or about July 20, 2017, the offer of employment was revoked by the Defendant.

15. Reasons given by the Defendant for revoking the offer of employment for that position were that Plaintiff had previously expressed to the Defendant that the Plaintiff did not want to be a teacher but rather wanted to be an administrator.

16. Defendant subsequently hired a less qualified Caucasian individual for that position.

17. Defendant's reasons for revoking the offer of employment were false.

18. Defendant's revocation of the offer of employment was based upon Plaintiff's race in violation of the Federal Equal Employment Opportunities act, 42 U.S.C. section 2000 e- et seq.

19. At all times alleged hereto, Plaintiff performed Plaintiff's job duties for the Defendant in a successful and satisfactory manner.

20. As a result of Defendant's unlawful revocation of the offer of employment for that position, Plaintiff suffered lost wages which Plaintiff would have earned had Plaintiff been hired by the Defendant in that position, and the value of benefits which Plaintiff would have received had Plaintiff been hired by the Defendant in that position. Plaintiff additionally suffered mental anguish and humiliation.

21. Plaintiff will continue to suffer those losses in the future.

22. Plaintiff has retained undersigned counsel for representation in this matter and has agreed

to pay counsel a reasonable fee.

**WHEREFORE**, Plaintiff demands judgment for the following:

A. That the Court award Plaintiff sums for unpaid back wages and future wages, and the value of lost benefits.

B. That the Court award Plaintiff damages for mental anguish and humiliation.

C. That the Court award Plaintiff reasonable attorney's fees, pursuant to 42 U.S.C. section 2000 e- et seq. and costs of this action.

D. That the Court award such other and further relief as may be just and equitable in the circumstances.

E. Trial by jury.

Respectfully submitted this 30th day of May, 2019.

*/s/ David W. Glasser*
DAVID W. GLASSER, ESQUIRE
Fla. Bar No. 780022
116 Orange Avenue
Daytona Beach, FL 32114
Telephone: (386) 252-0175
Facsimile: (386) 257-0246
Email: David@dglasserlaw.com
legal@dglasserlaw.com
Attorney for Plaintiff

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Andre L. Grant**
**628 Hudson Street**
**Daytona Beach, FL 32114**

From: **Miami District Office**
**Miami Tower, 100 S E 2nd Street**
**Suite 1500**
**Miami, FL 33131**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2018-00042** | **MICHAEL S. MATHELIER, Investigator** | **(305) 808-1797** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**Michael J. Farrell,**
**District Director**

APR 04 2019
*(Date Mailed)*

cc:

**Ann Marie Wrenn**
**VOLUSIA COUNTY SCHOOLS**
**200 North Clara Avenue**
**Deland, FL 32721**

EXHIBIT
"A"

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

### PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***